PER CURIAM:
The claimant seeks payment of $7,591.93 in back charges for *333 phone service at the Pipestem State Park. These charges were incurred between August 2, 1975 and June 7, 1979. An inventory of the phone system at Pipestem resulted in billing errors being discovered, and this claim resulted from the adjusted bill which was presented to the respondent for the period in question.
During the construction of the Pipestem facility, the respondent entered into negotiation with the claimant for installation of a telephone system. Eventually, a dial 701 B PBX system was agreed upon. This equipment contains P-33 selectors, which are a part of the dialing chain within the system, and 44-M power and common equipment, which drives the system. The telephone equipment became operational in 1970.
On May 2 and 3, 1979, the claimant performed an inventory of the telephone equipment at Pipestem. This was part of a periodic routine verification of customer accounts, made to insure accurate billing. The inventory, which consisted of physically identifying the equipment which was listed on an account information record, resulted in the discovery of 23 billing errors. Of these errors, three were billed or credited to the respondent’s account. Two items were billed, the P-33 selectors and the 44-M common equipment, at a total cost of $7,591.93. A credit of $221.95 was given for equipment which had been billed, but was not present at Pipestem.
The Court is of the opinion that the evidence establishes that a contract for telephone service existed between the claimant and respondent. The equipment for which the claimant seeks compensation is an integral part of the 701 B PBX system. James Humphreys, the engineer of the Pipestem telephone system, testified that the system would not operate without the P-33 selectors and the 44-M common equipment. The respondent has received the use of this equipment; to deny the claimant relief would unjustly enrich the State. The Court, therefore, makes an award of $7,591.93.
Award of $7,591.93.